## MARY E. HALL v. ZEFFERINO PANCIERA.

Decided February 24, 1927.

**Negligence—Injury to Pedestrian by Automobile—Plaintiff Ran Down Defendant After Dark—Defendant's Lights Were Burning—Held, That He was Negligent.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Howard L. Miller.*

*Contra, John W. Westcott.*

PER CURIAM.

The present suit was brought by the plaintiff to recover compensation for injuries received by her through being run over by an automobile, owned by the defendant, and in which he was riding at the time of the accident. The testimony submitted by the plaintiff, who was an elderly woman, showed that she had been a passenger on a train of the Cape May Railroad Company; that she alighted from the train at the North Vineland station at a quarter before seven in the evening of October 25th, and started from there on her way home. The street, or road, along which she was required to travel was without a sidewalk, and she was walking along the right-hand edge of the road at the time of the accident. The defendant had been at the railroad station with his son and they left there within a minute or two after the plaintiff, and proceeded along the road over which she was walking. The son was driving the car, the headlights of which were burning, and within a block from the station ran down and injured the plaintiff. The jury found from these facts that the defendant was guilty of negligence, and awarded compensation to the plaintiff for the injuries received.

The only ground advanced for setting aside the verdict now before us is that there was no affirmative evidence to establish the negligence of the defendant, and that the accident was unavoidable. We consider this contention without merit. The duty rested upon the driver of the car to use care to avoid other people lawfully upon the highway. If he had done this, it is difficult to understand why, in view of the fact that his headlights were burning, the presence of the plaintiff on the highway was not discovered. The jury evidently considered that he had failed to use the care which the law requires, and we concur in that view.

The rule to show cause will be discharged.